GREENBERG TRAURIG, LLP
Vera Ranieri (Cal. Bar No. 271594)
ranieriv@gtlaw.com
Nicholas A. Brown (Cal. Bar No.: 198210)
brown@gtlaw.com
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Fax: (415)358-4948

(additional attorneys listed in signature block)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOUCHSCREEN GESTURES LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 3:13-cv-02478-WHA<br><br>**GOOGLE'S RESPONSE TO PLAINTIFF'S PRÉCIS REQUESTING PERMISSION OF COURT TO FILE MOTION FOR LEAVE TO AMEND COMPLAINT, INITIAL DISCLOSURES, AND INFRINGEMENT CONTENTIONS** |

Defendant Google Inc. ("Google") respectfully responds to Plaintiff Touchscreen Gestures LLC's ("Touchscreen's") précis (ECF No. 59), opposing Plaintiff's request for approval to seek leave to amend its initial disclosures and infringement contentions, but agreeing to its filing of an amended complaint if certain modifications are made to reflect the parties' agreement as to the paring of Touchscreen's claims.

On August 16 and September 4, the parties discussed the deficiencies in Touchscreen's original and proposed amended complaint, initial disclosures, and infringement contentions and reached agreement as to some issues, such as Touchscreen's confirmation that: (1) it will no longer pursue any allegations related to U.S. Patent No. 7,274,357 or the Motorola Atrix or Droid 3 phones, (2) it will not pursue allegations of indirect infringement or joint infringement, and (3) it will

GOOGLE'S RESPONSE TO PLAINTIFF'S PRÉCIS   1        Case No. 3:13-cv-02478-WHA

withdraw its request for enhanced damages. On September 10, Google confirmed those agreements in writing as well as its positions on the fundamental disputes that remain as to the issues outlined below in writing.

## I. Touchscreen's Request to Amend its Complaint

While Google does not object to Touchscreen's request to amend its First Amended Complaint (D.E. No. 41) to remove the willful infringement claims from the Prayer for Relief and the allegations of infringement of U.S. Patent No. 7,273,357, the Atrix 4G Phone and Droid 3 Phone from the Complaint, those claims should be dismissed by this Court with prejudice and Google sent Touchscreen a draft of a proposed order to that effect on September 10. Touchscreen did not respond before filing its précis. Moreover, Touchscreen has agreed not to pursue any allegations of indirect or joint infringement, and Touchscreen's proposed amended complaint should be modified to reflect that agreement by replacing the references to infringement generally in paragraphs 8-10, 13-15, 18-20 and 23-25 as well as subparagraphs A-C of the Prayer for Relief with references to <u>direct</u> infringement only. If those additional steps are taken, Google will not oppose Touchscreen's motion for leave to file the amended complaint.

## II. Touchscreen's Futile Request to Amend its Initial Disclosures

It is misleading for Touchscreen to characterize its proposed supplemental damages disclosures as merely providing "more specificity regarding its computation figures," (ECF No. 59 at 3), since Touchscreen disclosed no calculation at all in its initial disclosures on July 19. Despite this Court's prior order in *Brandywine Comms. Techs., LLC v. Cisco Systems, Inc.*, Case No. C 12-01669 WHA, and instructions at the July 11, 2013 Case Management Conference, Touchscreen's initial disclosure of its basis for calculating damages was essentially limited to a statement that it was seeking a reasonable royalty and a regurgitation of the *Georgia-Pacific* factors. Notably absent was any indication of a per unit (or other) royalty that Touchscreen considered

GOOGLE'S RESPONSE TO PLAINTIFF'S PRÉCIS     2         Case No. 3:13-cv-02478-WHA

reasonable, any description of discovery Touchscreen needed to support its reasonable royalty calculation, or any description of Touchscreen's diligent efforts to acquire that information independently. Damages are likely to be hotly contested in this case, since Google's Android operating system, the gesture detection features of which Touchscreen suggests *may* be the basis for its infringement contentions, is open-source, and provided gratis for public use.

These deficiencies are not overcome by Touchscreen's proposed supplemental initial disclosures, which simply apply an arbitrary 1% running royalty to the entire revenue base it associates with the accused Samsung Google Chromebook and Google Nexus 7 products. As an initial matter, Touchscreen does not explain why it chose not to include this calculation in its original disclosures, since all of the information it is based upon appears to have previously been available to Touchscreen. Touchscreen's undue delay aside, its belated royalty calculation fails to disclose fundamental information, such as the portion of the royalty attributable to each of the asserted patents, or Touchscreen's basis for applying that royalty to the revenue for the entire accused product rather than a portion associated with the allegedly infringing features. The Court should not entertain Touchscreen's motion for leave to supplement its damages disclosures, because its supplemental disclosures are untimely and even still fail to comply with discovery obligations Touchscreen was well aware of before it served its initial disclosures.

### III. Touchscreen's Futile & Bad Faith Request To Amend its Infringement Contentions

Rather than pointing out the relevant features of the accused products in its original infringement contentions, as required under Patent L. R. 3-1(c), Touchscreen only cites to apparently irrelevant third party information that does not reflect the attributes of the accused Google products. For example, in its claim charts for the accused Samsung Google Chromebook, Touchscreen cites to the "Synaptics PS/2

GOOGLE'S RESPONSE TO PLAINTIFF'S PRÉCIS   3           Case No. 3:13-cv-02478-WHA

TouchPad Interfacing Guide," even though the accused device, of which Touchscreen has a sample, does not include a Synaptics PS/2 TouchPad.

Similarly, rather than pointing to the source code for Google's Android operating system, which is *publicly available*, Touchscreen's original claim charts for the Google Nexus 7 accused product arbitrarily point to source code on the website of an unrelated third party (Badlogic Games) that has no relation to Google. While Touchscreen's proposed "amended" claim charts for the Google Nexus 7 now cite to Android source code, Touchscreen has not explained why it could not have cited this source code originally. Moreover, even Touchscreen's amended charts suffer from internal inconsistencies and glaring omissions that make amendment futile. Under these circumstances, Google should not be required to slog through the whole of discovery before Touchscreen's unsupported infringement claims can be put to rest.

Touchscreen's allegation that the Synaptics PS/2 TouchPad technology is infringing is also tantamount to a concession that the asserted claims of the '506, '031, and '575 patents are invalid, since that very *same technology is prior art*. Putting aside the fact that none of the accused products appear to actually use a Synaptics PS/2 TouchPad, an earlier version of the same interfacing guide Touchscreen cites in its claims charts has been publicly available since at least January 22, 2001, which predates the filing of the earliest applications for these patents by almost three years. Thus, without needing to resolve any questions of claim construction or factual disputes concerning the teachings of this prior art, Touchscreen's contention that the prior art PS/2 TouchPad is covered by the asserted claims of these three patents confirms beyond dispute that those same claims are invalid as anticipated. *See Atlas Powder Co. v. IRECO Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999) ("[I]f granting patent protection on the disputed claim would allow the patentee to exclude the public from practicing the prior art, then that claim is anticipated …."). Consequently, this Court need not entertain Touchscreen's request to belatedly amend infringement contentions that are

GOOGLE'S RESPONSE TO PLAINTIFF'S PRÉCIS    4             Case No. 3:13-cv-02478-WHA

ultimately futile in light of the conceded invalidity of the asserted claims. Rather, if Touchscreen will not agree to withdraw its claims that these three patents are infringed, this Court should bar Touchscreen from asserting infringement of the '506, '031 and '575 patents and allow Google to seek early summary judgment that the asserted claims of these three patents are invalid as anticipated.

Dated: September 16, 2013   By: /s/ Charanjit Brahma

GREENBERG TRAURIG, LLP
Charanjit Brahma (Cal. Bar No. 204771)
brahmac@gtlaw.com
Kakoli Caprihan (*pro hac vice*)
caprihanc@gtlaw.com
2101 L. Street NW, Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100
Fax: (202) 331-3101

Scott J. Bornstein (*pro hac vice*)
bornsteins@gtlaw.com
200 Park Avenue
New York, NY 10166
Telephone: 212-801-9200
Fax: 212-801-6400

Vera Ranieri (Cal. Bar No. 271594)
ranieriv@gtlaw.com
Nicholas A. Brown (Cal. Bar No. 198210)
brown@gtlaw.com
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Fax: (415)358-4948

*Counsel for Defendant
GOOGLE INC.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2013, the foregoing **GOOGLE'S RESPONSE TO PLAINTIFF'S PRÉCIS REQUESTING PERMISSION OF COURT TO FILE MOTION FOR LEAVE TO AMEND COMPLAINT, INITIAL DISCLOSURES, AND INFRINGEMENT CONTENTIONS** was served on the following counsel of record by the Court's ECF system.

**Attorneys for Plaintiff Touchscreen Gestures, LLC**

Winston O. Huff
Email: whuff@huffip.com
Deborah Jagai
Email: djagai@huffip.com
W.O. Huff & Associates, PLLC
302 Market Street, Suite 450
Dallas, Texas 75202
214-749-1200 (Firm)
469-206-2173 (Facsimile)

Lewis E. Hudnell, III (CASBN 218736)
Email: lewis@colvinhudnell.com
Colvin Hudnell LLP
555 California Street, Suite 4925
San Francisco, CA  94104
Telephone:  415-659-1866
Facsimile: 347-772-3034

*Attorneys for Plaintiff
Touchscreen Gestures, LLC*

                        /s/ *Charanjit Brahma*
                        Charanjit Brahma