UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOUCHSCREEN GESTURES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | CASE NO.  3:13-cv-02478-WHA<br><br>[PROPOSED] ORDER OF PARTIAL DISMISSAL OF CLAIMS |

WHEREAS, on July 19, 2013, plaintiff Touchscreen Gestures LLC ("Touchscreen") filed an amended complaint ("Amended Complaint," Doc. #41) alleging, among other things, that Google Inc. infringed, and was infringing, U.S. Patent No. 7,180,506 ("the '506 patent"), U.S. Patent No. 7,184,031 ("the '031 patent"), U.S. Patent No. 7,190,356 ("the '356 patent"), U.S. Patent No. 8,164,575 ("the '575 patent"), and U.S. Patent No. 7,274,357 ("the '357 patent") (collectively, the "Asserted Patents"); and

WHEREAS, Touchscreen in its Amended Complaint further identified "examples of Google products that infringe" each of the aforementioned patents, including the "Motorola Atrix and Droid 3 smartphones as well as the Google Nexus 7 tablet"; and

WHEREAS, on July 25, 2013, Touchscreen served its Disclosure of Asserted Claims and Infringement Contentions for Defendant Google Inc. and asserted, among other things, that "the Google Chromebook, which allow the identification of a movement of a single tap . . . infringe[s] claims of the '506 patent;" and

WHEREAS, in its infringement contentions, Touchscreen further contended that Google infringes the asserted claims "contributorily, and or by inducement" and "that it is nonetheless a direct infringer under the theory of joint infringement in that it instructs, directs and requires its customers to perform any steps it does not itself perform, or because any

component alleged missing from any apparatus claim is supplied by its customers at Google's instruction and control;" and

WHEREAS, Defendants Google Inc. ("Google") denied those allegations in its answer and asserted related affirmative defenses and counterclaims; and

WHEREAS, Google has raised objections with Touchscreen regarding the sufficiency of its infringement contentions and other disclosures; and

WHEREAS, the parties wish to resolve those disputes concerning Touchscreen's claims related to the '031, '575, and '357, '506 patents and the Motorola Atrix smartphone, Droid 3 smartphone, and Google Chromebook;

IT IS HEREBY **ORDERED AND ADJUDGED** THAT:

(1) Touchscreen's claims that Google has infringed, and is infringing, the '031, '575, '357 and '506 patents by Google products that were accused or could have been accused by Plaintiff as of the date of Plaintiff's Amended Complaint (Doc. #41) are DISMISSED WITH PREJUDICE and Google's counterclaims seeking declaratory judgment of non-infringement and invalidity of the '031, '575, '357 and '506 patents are DISMISSED WITHOUT PREJUDICE as moot;

(2) Touchscreen's claims against Google that the making, use, sale, offering for sale, or importation of Motorola Atrix smartphones, Motorola Droid 3 smartphones, and Google Chromebooks infringe, and have infringed, any of the Asserted Patents are DISMISSED WITH PREJUDICE;

(3) Touchscreen's remaining claim that Google has infringed, and is infringing the '356 patent is limited to allegations of direct infringement by Google's making, use, sale, offering for sale or importation of the Google Nexus 7 tablet;

(4) Touchscreen's Third Amended Complaint shall be revised to:

(a) delete paragraphs 6-10 relating to Touchscreen's allegations of infringement of the '506 patent;

(b) remove the reference to the '506 patent in the Prayer for Relief;

      (c) remove the reference to the "Google Chromebook" as an accused product in paragraph 18 in Touchscreen's claim of infringement of the '356 patent; and

      (d) replace all general references to "infringement" with more specific references to "direct infringement" in paragraphs 13 and 14 and in the Prayer for Relief.

Touchscreen shall file its third amended complaint revised as stated above by **October 21 at Noon**. To this extent, the motion for leave to amend is **Granted**. Defendant Google shall file its answer to the third amended complaint within **seven days** of the date it is filed.

**IT IS SO ORDERED**.

Date:  October 16, 2013.

William Alsup



IT IS SO ORDERED AS MODIFIED

Judge William Alsup